liAMY, Judge.
In this malicious prosecution case, the plaintiff appeals the amount of damages awarded by the trial court. For the following reasons, we affirm the judgment as amended.
Factual and Procedural Background
This case arises out of a family dispute that occurred on February 29, 2000, in Crowley, Louisiana. Curtis Trahan is the deceased brother of Berta Thibodeaux, Barbara Dopson, Bobby Smith,[1] Lee Roy Trahan, and Douglas Trahan. As the result of Curtis’ death, Barbara, Berta and Lee Roy were named co-executors of Curtis’ estate. Additionally, Berta and her husband, Marshall Thibodeaux, took physical possession of Curtis’ home while caring for Douglas who suffers from muscular dystrophy. Douglas had lived with Curtis before Curtis’ death,
On February 29, 2000,[2] Barbara, Bobby and Lee Roy went to Curtis’ house to take an inventory because they were concerned that Berta and Marshall would remove items from the house. Berta, Marshall, Douglas, and Kristie Monceaux, a hired caretaker of Douglas, were present at the house when they arrived. After Berta objected to an inventory being taken at that particular time, an argument erupted between the siblings, and Berta called the police. Barbara’s son, E.J. Marceaux, testified that Marshall told the police who responded to Curtis’ home, that he saw Barbara with a gun. Officer Floyd Robinson testified that, if Marshall had not made this statement, he would not have arrested Barbara. Instead, Officer Robinson stated that he would have taken statements from everyone present and would have referred the matter to the district attorney to decide whether to file charges. But, since the | ^statement was made, Officer Robinson said that Barbara was arrested and booked at the Crowley Police Department for aggravated assault.[3] Thereafter, due *1182 to Barbara’s poor physical health, she was issued a citation and released without being required to post bail.
Marshall, Berta, and Kristie also went to the Crowley Police Department to give voluntary statements. The voluntary statement signed by Marshall at the police station, but transcribed by Officer Robinson, provides that Barbara “pulled a gun in a brown holster out of her pocket and pointed it at me and my wife and said she would use it.” However, Marshall denied saying that he saw Barbara with a gun. In the statements given by Berta and Kristie, neither Berta nor Kristie state that they actually saw a gun. Rather, Berta and Kristie’s statements both provide that Barbara said that she had a gun and she would use it. The record indicates that the District Attorney of the Fifteenth Judicial District charged Barbara by bill of information with aggravated assault. The record also demonstrates that the matter was continued without a date on May 18, 2000.
On May 15, 2001, Barbara brought an action against Berta and Marshall, alleging malicious prosecution. After a bench trial held August 20, 2002, the trial court found Marshall liable and gave the following written reasons for ruling:
The Court is of the opinion that MARSHALL THIBODEAUX told Officer Floyd Robinson that he saw a gun. This caused the arrest. The Court is of the opinion that there was no probable cause for the arrest, except that Officer Floyd Robinson was told by MARSHALL THIBODEAUX that BARBARA DOPSON had a gun. There was no gun found by the police or anyone else. Later MR. THIBODEAUX denied that he ever said there was a gun.
The Court is of the opinion that Officer Robinson did not make a mistake in transcribing the statement.
| «This statement from THIBO-DEAUX, which was not accurate, appears to the Court to be malicious. Therefore, the court [sic] is of opinion that there should be judgment in favor of plaintiff and damages in the amount of $750.00 in fees paid to Mr. Kenneth Privat are awarded. All costs to be paid by defendant.
Barbara now appeals, alleging the following assignments of error:
A. The trial court erred by failing to apply the presumption of damages resulting from finding that Barbara Dop-son was the victim of malicious prosecution by the defendants.
B. The trial court erred in fading to award plaintiff any general damages for her mental anguish, public humiliation, and inconvenience in connection with her arrest and court appearances.
C. The trial court erred in failing to award plaintiff damages of at least $5,750.00.
Discussion
In her brief, Barbara asserts that the trial court should have presumed damages because she had proven all of the other elements to recover for malicious prosecution. As such, Barbara contends that she is entitled to recover general damages for her mental anguish, public humiliation, and inconvenience in addition to the special damages awarded for legal fees; and, she urges this court to increase her damage award by $5,000.
On the other hand, the brief submitted on behalf of Marshall generally asserts that the trial court erred in awarding any damages to Barbara and that the trial court’s judgment should be reversed. However, La.Code Civ.P. art. 2133(A) provides:
An appellee shall not be obliged to answer the appeal unless he desires to *1183 have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the 14appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.
Applying La.Code Civ.P. art. 2133(A) to a similar factual scenario, a panel of this court ruled: “An appellate brief or argument in an appellate brief does not satisfy the requirements of Article 2133.” Perkins v. Rapides Parish Police Jury, 98-1899, p. 12 (La.App. 3 Cir. 5/5/99); 738 So.2d 607, 613, writs denied, 99-1798, 99-2117 (La.10/1/99); 748 So.2d 451, 748 So.2d 455. As Marshall has neither filed an appeal nor has he answered the appeal filed by Barbara, the finding of liability for malicious prosecution is now a final judgment. Therefore, our analysis is limited to the issue of damages.
Here, our concern is not that the trial court awarded special damages, but did not award general damages. See Wainwright v. Fontenot, 00-492 (La.10/17/00); 774 So.2d 70. Rather, we consider that liability is now a final judgment and that Barbara presented evidence supporting an award of general damages. She testified that, when she was arrested, she was escorted out Curtis’ home wearing handcuffs in front of a large crowd. Barbara additionally testified that information concerning her arrest was published in the Crowley Post Signal, and this newspaper article was admitted into evidence. Also, Barbara testified that she had to make several trips from Opelousas to Crowley to meet with her attorney and that she made one court appearance. In light of these facts and circumstances, we find that the trial court erred in failing to award general damages. We do so now, awarding an additional $2,500.00.
I .DECREE
For the foregoing reasons, the judgment of the trial court is amended to . award an additional $2,500.00 in general damages. All costs of this appeal are assigned to the defendant-appellee, Marshall Thibodeaux.
AFFIRMED AS AMENDED.

. The testimony established that Barbara and Bobby are twin sisters.

. Counsel for Berta and Marshall Thibodeaux emphasized that this date was the day after Curtis Trahan's burial.

.See La.R.S. 14:37.